## No. 1712.—Pierre Poutz v. A. F. Jones.

The testimony of a witness taken by commission will not be allowed to go to the jury, if it contains nothing but hearsay evidence.

A witness on the stand will not be permitted to give opinions in answer to hypothetical questions.

APPEAL from the Fifth District Court of New Orleans—*Leaumont, J. A. & M. Voorhies* for plaintiff and appellee. *Hornor & Benedict* for defendant and appellant.

TALIAFERRO, J. The plaintiff alleges that he bought from defendant twenty-six bales of cotton, represented by samples to be of good quality, and shipped the cotton to the port of Havre, in France, where it was sold in like manner as being of good quality. That subsequently when the bales were opened, it was found that their exterior parts, to the depth of five or six inches, were composed of good merchantable cotton, and the interior filled with a very inferior article of cotton called "pickings." That the difference in quality caused the plaintiff a heavy loss, amounting to five hundred and eighteen dollars and eighty-six cents, which he was compelled to refund to his vendee at Havre. He brings this suit against the defendant to compel him to pay this sum, with legal interest from judicial demand.

The answer is a general denial. The case was tried before a jury, which rendered a verdict for the sum claimed with legal interest from judicial demand. The defendant has appealed.

Three bills of exception appear in the record. The first was taken to the admission of the testimony of Villeman, a witness on the part of the plaintiff, taken at Havre under commission. The objection was that his evidence was hearsay, and that he proved nothing of his own knowledge. We think the testimony should have been rejected. The witness stated that he was called upon to examine twenty-six bales of cotton, which he was informed by Messrs. Le Roux Freres & Co. was

shipped by P. Poutz, of New Orleans, and that they were the claimants. He stated, in substance, that he had no knowledge of the lot of cotton except from their statements. He states the bales were marked J. J. D. In the absence of any other facts within his own knowledge, this can hardly be considered an identification of the cotton.

The next bill of exceptions is to the refusal of the court to admit a witness to answer whether it would have been possible, in April, 1866, for twenty-six bales of cotton to have been put up in and sent out of "Justamond's pickery" in the condition it is alleged the twenty-six in question were? The objection was, that it was to elicit the opinion of the witness, which would be incompetent evidence. The testimony was properly rejected.

The third bill of exceptions was taken to the admission of the testimony of Poutz, the plaintiff. This objection is without weight.

A careful review of the evidence satisfies us that the plaintiff has fully made out his case, and that it amply sustains the verdict of the jury.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

Rehearing refused.